TOWNSHIP OF MAPLEWOOD, RELATOR, v. BOARD OF EDU-
CATION OF SCHOOL DISTRICT OF THE TOWNSHIP OF
SOUTH ORANGE, RESPONDENT.

Decided February 20, 1923.

**Assessments—For Improvements—Against School Property—
Are Assessments for Benefits Different from Taxes.**

Before Justices PARKER, BERGEN and MINTURN.

For the relator, *Samuel D. Williams.*

For the respondent, *Riker & Riker.*

PER CURIAM.

The relator levied, an assessment against the land of re-
spondent for a public improvement which it refuses to pay,
and the relator applies for a rule to show cause why an
alternative or peremptory writ of *mandamus* should not issue
to compel it to levy a tax for that purpose. The agreed facts
show that when the respondent came into existence as a
school district, the territory of the township of Maplewood and
of the village of South Orange, were one municipality under
the name of the township of South Orange, constituting a
single school district. Subsequently South Orange was sep-
arated from the township under the name of village of South
Orange, and the township changed its name to Maplewood,
and under the law the village remained a part of the township
school district, and since then the schools of the two munici-
palities have been under the management of the relator, and
taxes levied under the school law for one district. The board
of education refuses to pay because it claims that the property
of school districts are exempt from the payment of an assess-
ment for local improvements. The real question seems to be
whether an assessment for benefits is different in effect from
taxes, it being the law that school property is not taxable.
We think that an assessment to raise money to pay a public

burden is not a tax within the meaning of the statute relating to taxation, but the trouble is there does not appear to be any statute establishing the power of a school district to raise money for any such purpose. This writ, if allowed, will require the inclusion of the assessment in a tax levy, and we cannot find the authority. The district can only raise money for educational purposes and an assessment is not within such purpose as defined by law. If it is a lien on the property it can be enforced in another way than by *mandamus.* We think the rule to show cause should be denied, as the writ would require the raising of money by taxation without authority of law. The rule is denied, with costs.